**MEMO ENDORSED**



Our ref  1101645

*Via ECF*

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

570 Lexington Avenue
8th Floor
New York, NY 10022
USA

**t** +1 212.252.0004
**f** +1 212.832.4920
**kennedyslaw.com**

**t** +1 646.625.4036
william.brennan@kennedyslaw.com
September 19, 2022

Re: *Crysknife Capital v. Liberty Specialty Markets, et al.*, Docket No.: 1:22-cv-07912-KPF — Related Case Transfer Request

Dear Judge Polk Failla:

This firm represents defendants Liberty Specialty Markets and Certain Underwriters at Lloyd's ("Defendants") in the above-referenced action (the "Crysknife Action"). Pursuant to Rule 13(b)(3) of the Rules for the Division of Business Among District Judges, Defendants respectfully request that the Crysknife Action be transferred to Judge Lewis J. Liman for all further proceedings.

This insurance coverage dispute is closely intertwined with a matter previously adjudicated by Judge Liman: *KLS Diversified Master Fund, L.P. v. McDevitt*, Case No.: 1:19-cv-03774-LJL-DCF (the "KLS Action").[1] The plaintiff here, Crysknife Capital, is the assignee of the plaintiff in the KLS Action and seeks to recover insurance proceeds that Defendants allegedly owe to the defendant in the KLS Action (Sean McDevitt) as a result of the KLS Action. (Crysknife Action Dkt. 1 at ¶¶1-16). Judge Liman has previously considered the terms of the specific insurance policy at issue here (*see* KLS Action Dkt. 115 *and* Crysknife Action Dkt. 1-1), and issued

---

[1] Crysknife Capital noted on its cover sheet that the KLS Action is a related case, but did not file a Related Case Statement.

Kennedys is a trading name of Kennedys CMK LLP, a limited liability partnership, in New Jersey, United States (with registered number 0450171416)

Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:* Argentina, Australia, Belgium, Bermuda, Bolivia, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, Ecuador, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Scotland, Singapore, Spain, Sweden, Thailand, Turkey, United Arab Emirates, United States of America.

# Kennedys

a ruling addressing Mr. McDevitt's rights under that policy. (KLS Action Dkt. 128 (also filed as Crysknife Action Dkt. 1-14)).

The Crysknife Action attaches Judge Liman's summary judgment ruling and final judgment as exhibits (Crysknife Action Dkt. 1-2 & 1-5) and is based on specific allegations about the meaning of Judge Liman's summary judgment decision. (Crysknife Action Dkt. 1 at ¶¶5, 7, 31, 53, 55, 56, 59, 62, 72). Thus, this present matter rests on an insurance policy that Judge Liman has already reviewed in connection with the parties' dispute as well as several rulings that Judge Liman issued in that prior related case.

Given Judge Liman's familiarity with the underlying facts, the insurance policy, and his own summary judgment decision, reassigning this case to him would promote judicial economy and reduce any "duplication of effort and expense" on the part of the Court. *See* Rule 13(a)(1), Rules for the Division of Business Among District Judges.

Accordingly, Defendants respectfully request that the Court find that the KLS Action and the Crysknife Action are related, and refer this matter to Judge Liman with a request that he accept the reassignment of this matter. *See* Rule 13(b)(3), Rules for the Division of Business Among District Judges.

Respectfully submitted,

**William J. Brennan**
Partner
for Kennedys

cc:    *All Counsel of Record Appearing (via ECF)*

```
Application DENIED.  Civil cases are presumptively not related unless both are
pending before the Court or the earlier case is on appeal.  SDNY Rules for the
Division of Business Among District Judges, Rule 13(a)(2)(B).  The KLS Action
(No. 19-cv-3774) is neither pending nor on appeal; the appeal terminated on
August 3, 2022, upon issuance of the mandate from the Second Circuit.  Although
the Court recognizes the factual overlap between the matters, the matters
present sufficiently dissimilar substantive issues that Defendants have not
overcome Rule 13(a)(2)(B)'s presumption against relatedness.

The Clerk of Court is directed to terminate the motion at docket entry #5.
```

SO ORDERED.

Dated:    September 23, 2022
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE