UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRYSKNIFE CAPITAL,<br><br>                       Plaintiff,<br><br>              -v.-<br><br>LIBERTY SPECIALTY MARKETS and CERTAIN UNDERWRITERS AT LLOYD'S, SPECIFICALLY LIBERTY SYNDICATE 4472,<br><br>                       Defendants. | 22 Civ. 7912 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

      On June 6, 2023, the Court held a conference with the parties to discuss how to proceed in this case. To review, the Court's May 3, 2023 Opinion and Order granted Plaintiff summary judgment with respect to coverage and inapplicability of exclusions, but denied summary judgment with respect to bad faith. The parties hold divergent views on how to now proceed. Plaintiff seeks to engage in certain discovery on the bad faith claim, whereas Defendants ask for either a *sua sponte* grant of summary judgment in their favor or briefing on the bad faith claim. The parties also raised the issue of pre-judgment interest for the first time at the June 6, 2023 conference, despite no mention of this issue in the summary judgment briefing.

      Since the conference, Plaintiff has filed a letter discussing a proposed subpoena on Wood Smith. (Dkt. #46). Plaintiff notes that it will not serve the subpoena until it hears from the Court. Defendants are opposed to service of

the subpoena (and to discovery more broadly), contending that the "subpoena does not seek, and could not obtain, documents that would provide a basis for the Court to reconsider its finding that [Plaintiff's] bad faith claim lacks merit for several independent reasons." (Dkt. #48).

The Court has carefully considered the parties' positions for moving forward in this case and their subsequent letters. As the Court made clear in its May 3, 2023 Opinion and Order and at the June 6, 2023 conference, the Court does not, at this time, see a way forward for Plaintiff's bad faith claim. At the conference, Plaintiff appeared to adopt a new tack with respect to the claim: Rather than argue that the settlement offers discussed in the May 3, 2023 Opinion and Order give rise to a bad faith claim, Plaintiff argued at the conference that Defendants' own assessments of the policy claim and issues related to the appeal lay the foundation for bad faith. Yet this is not what is pleaded in the Complaint. (*See* Compl. ¶¶ 79-92 (pleading, *inter alia*, that "[b]ecause [Plaintiff] twice offered to settle with Liberty for the policy limits, and Liberty unreasonably declined to accept that offer, [Plaintiff] requests that this Court hold Liberty liable for the full amount of the judgment.")). Nor were these arguments ever raised in Plaintiff's summary judgment briefing. The Court will not entertain new theories at this stage in the litigation. What is more, the Court has already considered and rejected Plaintiff's argument for bad faith and its evidence in support of such claim in the May 3, 2023 Opinion and Order.

In light of these facts, the Court is hard-pressed to see any utility in further discovery, and certainly will not allow discovery regarding Plaintiff's newly-minted theories.  As the June 6, 2023 conference and Plaintiff's most recent letter make clear, Plaintiff is attempting to pursue entirely new arguments and areas of discovery that are simply not relevant to their bad faith claim as pleaded in the Complaint.  As such, the Court will not allow Plaintiff to serve a subpoena on Wood Smith, nor will it direct the parties to engage in discovery.  Instead, Defendant may file a truncated summary brief on the issues of bad faith (as pleaded) and the parties may cross-move on the issue of pre-judgment interest.  Defendants' opening summary judgment brief on these issues shall be due on **June 30, 2023**.  Plaintiff's opposition on the bad faith issue and cross-motion/opposition on pre-judgment interest shall be due on **July 21, 2023**.  Briefs shall be limited to ten (10) pages in length, and must follow the Court's formatting rules.  The parties may submit supporting papers or exhibits as necessary in support of their positions.  The Court will order reply briefing at a later date if it deems such briefing necessary.

SO ORDERED.

Dated:  June 12, 2023
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge